UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Law Offices of Andy Winchell
90 Washington Valley Road
Bedminster, New Jersey 07921
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtor

| | |
|---|---|
| In Re:<br><br>Vivian Acevedo-Fonseca<br><br>Debtor | Case No.: 26-14437 (CMG)<br><br>Chapter: 11 |
| Vivian Acevedo-Fonseca<br><br>Plaintiff<br><br>vs.<br><br>Unlock Partnership Solutions AOI, Inc.<br><br>Defendant | Adv. Pro. No: 26-____ (CMG) |

**COMPLAINT OF THE DEBTOR FOR: (I) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER; (II) VIOLATION OF THE TRUTH IN LENDING ACT; (III) VIOLATION OF THE NEW JERSEY HOME OWNERSHIP SECURITY ACT; AND (IV) VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**

**PRELIMINARY STATEMENT**

1. This is an action brought by the debtor (hereinafter the “Debtor” or “Plaintiff”) for relief as provided for by Rules 2016(a), and 7001(b) of the Federal Rules of Bankruptcy Procedure and seeking redress from Unlock Partnership Solutions AOI, Inc. (the “Defendant”) for fraudulent transfer, violations of the Truth in Lending Act

("TILA"); violations of the New Jersey Home Ownership Security Act (the "NJHOSA"); and violations of the New Jersey Consumer Fraud Act (the "NJCFA").

## JURISDICTION

2. This is both a core and non-core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns matters arising out of the administration of this bankruptcy case and/or rights established under Title 11 of the United States Code and other applicable federal law as well as rights and laws arising under state law. The Debtor consents to entry of a final order to any non-core claim for relief.

3. Jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §§ 151, 157 and 1334 as amended.

## PARTIES

4. The Debtor is a widow residing in Bernardsville, New Jersey. The Debtor filed a petition in bankruptcy under chapter 11 of Title 11 of the United States Code on April 22, 2026.

5. On information and belief, the Defendant is a corporation with its headquarters in Tempe, Arizona.

6. The Defendant is not licensed to originate mortgage loans in New Jersey.

## FACTUAL ALLEGATIONS

7. Following the death of her husband, the Debtor faced a financial crisis that required a cash infusion.

8. Because she was in desperate need, on or about November 14, 2024, the Debtor obtained a third-position mortgage loan (the "HEI Mortgage Loan") from the Defendant in the amount of $294,000.

9. At the time of the HEI Mortgage Loan, the Debtor either already was insolvent or became insolvent as a result of the Mortgage Loan.

10. The Debtor is too young to be eligible for a reverse mortgage.

11. Attached hereto as Exhibit A is a redacted copy of the loan agreement (the "Note").

12. The HEI Mortgage Loan is secured by a third-position mortgage (the "Mortgage") on the Debtor's residence where she lives with her children (the "Property").

13. Attached hereto as Exhibit B is a copy of the Mortgage that was filed with Somerset County.

14. The HEI Mortgage Loan is a relatively new type of predatory financial instrument sometimes called a "home equity contract" or a "home equity investment" (an "HEI Loan").

15. An HEI Loan resembles a reverse mortgage because it consists of a mortgage that secures an advance of money where the lender recovers its principal plus financing charges and interest against the home's equity when the consumer moves, sells the house, or dies.

16. But rather than having a clear, stated interest component that the is disclosed to the borrower, the HEI Mortgage Loan is a negatively amortizing financial product that is designed to usurp an ever-increasing portion of the equity in the Property.

17. To avoid the various disclosures and regulations imposed by federal and state law to protect consumers from predatory mortgage lenders, the HEI Loan industry pretends as if instruments like the HEI Mortgage Loan are not loans at all.

18. For example, the Note states plainly (and falsely) that the Mortgage Loan is not a loan.

19. But by any of the relevant legal definitions of the term, the HEI Mortgage Loan unquestionably is a mortgage loan.

20. Notably, TILA defines a "residential mortgage loan" as "any consumer credit transaction … secured by a mortgage, deed of trust, or other equivalent consensual security interest on a dwelling." 15 U.S.C. § 1602(dd)(5) (emphasis added).

21. The HEI Mortgage Loan is a consumer credit transaction secured by a mortgage on a dwelling in which the Debtor lives (i.e., the Property).

22. Therefore the HEI Mortgage Loan is a residential mortgage loan for the purposes of TILA.

23. Similarly, under New Jersey property law, a "'Mortgage loan' means any loan or line of credit, except a construction loan, which states a maximum specified principal amount and which is secured by an interest in real property." N.J.S.A. 46:98.1 (emphasis added).

24. The maximum principal amount of the HEI Mortgage Loan under the Note is approximately $677,314, payable in 2034 and is secured by a mortgage on the Property.

25. Because there is a maximum principal amount owing under the HEI Mortgage Loan and it is secured by real property, the HEI Mortgage Loan is a mortgage loan pursuant to New Jersey law.

26. The HEI Mortgage Loan's structure is both complex and hard to glean from its loan documents.

27. Rather than use any of the standard forms commonly documenting consumer mortgage loans as a guide, the HEI Mortgage Loan documentation is modeled after commercial loans used by businesses.

28. The HEI Mortgage Loan does not contain many of the disclosures mandated by both federal and state law to protect consumers from predatory mortgage lenders like the Defendant.

29. For example, TILA and Regulation Z require clear disclosure of the amount financed, the finance charge, and annual percentage rate, and the total of payments through the required "Loan Estimate" forms within three business days of an application and then the amounts of the settlement costs and loan terms at least three business days before closing. 15 U.S.C. § 1638, 12 CFR § 1026.18, 12 CFR § 1026.37, 12 CFR § 1026.38.

30. The HEI Mortgage Loan contains none of these disclosures required under federal law.

31. New Jersey requires disclosures and protections for mortgages, see generally N.J.S.A. § 17:11C-75. New Jersey prohibits: (a) the imposition of fees and charges related to mortgages not expressly identified by law; (b) contract provisions that afford lenders the sole discretion to accelerate indebtedness on a mortgage; (c) dividing a loan transaction into separate parts or using subterfuge to evade residential mortgage regulations under HOSA; and (d) any efforts to waive provisions of the RMLA. See N.J.S.A. § 17:11C-75(l), N.J.S.A. § 46:10B-25(e), N.J.S.A. § 46:10B-27(d), and N.J.S.A. § 17:11C-86.

32. The HEI Mortgage Loan violates all of the foregoing provisions of New Jersey law.

33. The structure of the HEI Mortgage Loan documentation is inherently deceptive.

34. Rather than complying with the federal and state laws that mandate clear disclosure of the terms of the loan, the HEI Mortgage Loan's terms are spread across several documents and fail to make clear how much the Debtor will be obligated to pay the Defendant and when.

35. Further, the HEI Mortgage Loan does not disclose it is designed to force the sale of the Debtor's home in 2034 if the Debtor cannot pay the full amount due (i.e., approximately $677,314) at that time.

36. To add some perspective on how high the interest component is in the HEI Mortgage Loan, attached hereto as Exhibit C is a copy of the quarterly statement from September 2026, a little less than two years following the origination of the HEI Mortgage Loan, that shows a loan balance of $413,303.

37. In other words, the Defendant has charged the Debtor approximately $119,303 in interest since November 2024.

38. Moreover, the Defendant used an obviously inflated appraisal to justify the predatory HEI Mortgage Loan.

39. The Debtor bought the Property in October 2020 for $969,000.

40. Four years later, in November 2024, the HEI Mortgage Loan documents list as "Starting Home Value," the Property's "mutually agreed upon value" as $2,050,000.

41. In other words, the HEI Mortgage Loan documents assume that the value of the Property had more than doubled in the four years from 2020 to 2024.

42. The Property has never been worth $2,050,000.

43. On May 1, 2026, the Defendant filed a notice of appearance in this case through its counsel.

44. The Defendant failed to file a proof of claim in this case.

45. On July 29, 2026, the Debtor filed a proof of claim (the “Proof of Claim”) on behalf of the Defendant and provided notice to the Defendant of doing so.

**FIRST CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Transfer, 11 U.S.C. §548 and §550)**

46. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

47. The HEI Mortgage Loan constitutes a constructive fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B) that can be avoided and recovered for the benefit of general unsecured creditors and the Debtor’s estate.

48. The HEI Mortgage Loan was executed within two years of the Petition Date.

49. The Debtor received less than reasonably equivalent value for granting the Defendant the Mortgage that secures the HEI Mortgage Loan.

50. At the time the HEI Mortgage Loan occurred, the Debtor was insolvent.

51. To the extent the Debtor was not already insolvent, the Debtor became insolvent as a result of the HEI Mortgage Loan.

52. The HEI Mortgage Loan is avoidable to the extent necessary to satisfy the claims of creditors pursuant to 11 U.S.C. § 548(a)(1)(B). In accordance with 11 U.S.C. §

550, the Debtor may recover the value of the HEI Mortgage Loan for the benefit of her bankruptcy estate.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Truth-in Lending Act, 15 U.S.C. §1602 *et seq.*)**

53. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

54. The HEI Mortgage Loan involved an extension of consumer credit as described by TILA, 15 U.S.C. § 1635, and Regulation Z § 226.23 (12 C.F.R. § 226.23).

55. The Defendant failed to deliver all “material” disclosures required by TILA for reasons including but not limited to failing to provide a Truth in Lending disclosure at closing which accurately disclosed the HEI Mortgage Loan’s finance charge as required by 15 U.S.C. §1635(i) and otherwise failing to provide disclosure of credit terms required under 15 U.S.C. §1638.

56. The Defendant originated a mortgage loan, the HEI Mortgage Loan, but is not licensed to originate mortgages in New Jersey, in violation of 15 U.S.C. §1639b(b)(1)(A).

57. The HEI Mortgage Loan includes a mandatory arbitration clause in violation of TILA section 1639(e).

58. The Defendant failed to make a reasonable and good faith determination that the Debtor had the ability to repay the HEI Mortgage Loan before originating it.

59. The HEI loan that the Debtor entered into was a “high-cost mortgage” as defined herein by TILA.

60. The Defendant failed to comply with TILA’s requirements relating to high-cost mortgages.

61. The HEI Mortgage Loan requires a large balloon payment of approximately $677,314 payable in 2034 in violation of TILA prohibition on balloon payments in high-cost mortgages.

62. The HEI Mortgage Loan violates TILA's prohibition on negative amortization in high-cost mortgages.

63. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(i) and §1640, the Defendant is liable to the Debtor for damages including but not limited to: (a) rescission of the HEI Mortgage Loan transaction, including a declaration that the Debtor is not liable for any finance charges or other charges imposed by Defendant; (b) termination of the Mortgage and any additional security interest in the Property or the Debtor's personal property created under the HEI Mortgage Loan transaction; (c) return of any money or property the Debtor gave anyone in connection with this transaction; (d) actual and statutory damages in an amount to be determined at trial; and (e) an award of reasonable attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**
**(New Jersey Home Ownership Security Act,**
**N.J.S.A. §46:10B-22 *et seq*.)**

64. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

65. The transaction that created the HEI Mortgage Loan is subject to the NJHOSA, N.J.S.A. § 46:10B-22 et. seq.

66. The transaction at issue is a home loan for the purposes of the NJHOSA.

67. The Defendant extended credit to the Debtor. The extension of credit was primarily for personal, family, or household purposes. And the HEI Mortgage Loan is

secured by a mortgage on real estate in New Jersey, the Property, on which there is located a dwelling occupied by the borrower as the borrower's principal dwelling

68. The HEI Mortgage Loan is a high-cost home loan as defined in the NJHOSA because of its high fees and high interest rate.

69. The Defendant failed to comply with the high-cost mortgage requirements of the NJHOSA, including but not limited to failing to provide mandated notices to the borrower, using negative amortization, requiring a balloon payment, charging fees in excess of those permitted by the statute, and requiring arbitration.

70. As a result of the Defendant's violations of NJHOSA, the Debtor seeks damages, costs, attorney's fees, and such other relief as is equitable and just.

**FOURTH CLAIM FOR RELIEF**
**(New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq*.**

71. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

72. The NJCFA, N.J.S.A. § 56:8-1 *et seq*., prohibits unfair, unconscionable, and deceptive conduct with respect to real estate.

73. The NJCFA also provides remedies for violations of other consumer-protection statutes.

74. The Defendant engaged in unconscionable, unfair, and/or deceptive practices with respect to the Debtor that include but it but not limited to: (a) falsely claiming that the HEI Mortgage Loan is not a loan; (b) falsely claiming that there is no interest component to the HEI Mortgage Loan; (c) falsely claiming that there are no payments in connection with the HEI Mortgage Loan; (d) falsely asserting that the Defendant is acting as the Debtor's partner rather than as a creditor; (e) either

representing or implying by its conduct that the Defendant was legally authorized to originate the HEI Mortgage Loan; (f) imposing an interest rate higher than the rate permitted by New Jersey usury law; (g) using an inflated appraisal to give the impression that the Debtor would not be rendered insolvent by the HEI Mortgage Loan; and (h) making a residential loan to the Debtor without verifying that she had the ability to repay it.

75. These violations caused the Debtor an ascertainable loss of money and property, including but not limited to improper encumbrance of title to the Property, fees, and diminution of value of the Debtor's interest in the Property.

76. The Debtor seeks damages, costs, attorney's fees, and recission of the HEI Mortgage Loan, and such other relief as is equitable and just.

**WHEREFORE,** the Debtor/Plaintiff having set forth claims for relief against the Defendant respectfully prays of the Court as follows:

a. For a declaratory judgment that the HEI Mortgage Loan is an avoidable fraudulent transfer pursuant to 11 U.S.C. §§ 548 and 550;

b. For a declaratory judgment that the Defendant's actions violate TILA;

c. For a declaratory judgment that the Defendant's actions violate the NJHOSA;

d. For a declaratory judgment that the Defendant's actions violate the NJCFA;

e. For a declarator judgment stating that the HEI Mortgage Loan is unenforceable pursuant to applicable state and federal law;

f. For an order disallowing the Proof of Claim;

g. For a judgment voiding the Mortgage;

h. For an award of actual and treble damages in an amount to be determined by this Court;

i. For an award of reasonable legal fees in an amount to be determined by this Court;

j. For an award of reasonable costs and expenses in this case in an amount to be determined by this Court; and

k. That the Debtor/Plaintiff have such other and further relief as the Court may seem just and proper.

Dated this the 29th day of October, 2026.

/s/ Andy Winchell
Law Offices of Andy Winchell
90 Washington Valley Road
Bedminster, New Jersey 07921
Telephone No. (973) 457-4710
andy@winchlaw.com
Attorney for the Plaintiff